UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY GRIFFIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-3670 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| MARK HUBBARD, LARRY KREMPIN, AND | § | |
| JOHN BENESTANTE, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendants' Mark Hubbard, Larry Krempin, and John Benestante's motion to dismiss plaintiff's Title VII discrimination claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 15. After a careful review of the pleadings and the applicable law, the motion to dismiss is GRANTED.

**I. BACKGROUND**

The plaintiff was employed by the Texas Department of Criminal Justice ("TDCJ") from August 1990 through May 2006 as an Industrial Specialist IV. Dkt. 1 at 4. The plaintiff alleges during his employment with TDCJ, he was subjected to "different and less favorable terms and conditions of employment than those accorded to his white counterparts." *Id.* The plaintiff further alleges this disparate treatment occurred because he is African-American. *Id.* The plaintiff reported his concerns of discrimination to his then-immediate supervisor, defendant Mark Hubbard ("Hubbard"). *Id.* at 3. According to the plaintiff, after Hubbard failed to address the issue, the plaintiff informed Hubbard's supervisor, defendant Larry Krempin ("Krempin"), verbally and in

writing of the racially-discriminatory environment created by TDCJ and Hubbard. *Id.* When no actions were taken by Krempin to remedy the situation, the plaintiff took his complaints to Krempin's supervisor, defendant John Benestante ("Benestante"). *Id.*

On February 17, 2006, the plaintiff timely filed a formal complaint of racial discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* Because of that filing, the plaintiff maintains TDCJ falsely charged him with numerous disciplinary actions which ultimately led to his termination. *Id.* at 4. According to TDCJ, the plaintiff was discharged for violating the following policies and procedures: (1) failing to follow a direct order from his immediate supervisor; (2) improper timekeeping; and (3) failing to secure an employer vehicle under his control that contained offenders. *Id.* The plaintiff contends these charges were in retaliation for filing his complaint with the EEOC. *Id.* at 3.

After receiving a notice of the right to sue from the EEOC, the plaintiff filed suit against his former employer, TDCJ, and three TDCJ employees, Hubbard, Krempin, and Benestante (collectively "individual defendants"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e to 2000e-17. Dkt. 1. Specifically, the plaintiff alleges TDCJ and the individual defendants violated Title VII by utilizing the following racially discriminatory employment practices: (1) the plaintiff was denied overtime while white employees continued to receive overtime compensation; (2) the plaintiff, to his disadvantage, was not given the same documentation as white employees; (3) the plaintiff was inconsistently given jail and hotel assignments comparable to those assigned to white employees; and (4) during the investigation into the plaintiff's allegations, his inmate crew was taken away with the purpose of further disadvantaging him. *Id.* at 5. The individual defendants now move the court under Rule 12(b)(6)

to dismiss the action based on Title VII's limitation of liability to employers. Dkt. 15. The plaintiff has not responded to the motion.

## II. ANALYSIS

*A.     Standard of Review: 12(b)(6)*

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). Moreover, dismissal of a complaint is improper unless the plaintiff fails to provide "more than labels, [] conclusions, and the formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). In addition, a court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

*B.     Employees as Parties to Title VII Suits*

The individual defendants argue the claims against them should be dismissed under Rule 12(6)(b) because they are improper parties under Title VII. Specifically, they contend the plaintiff is precluded from bringing Title VII claims against employees in their individual or official capacities. Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). While Title VII defines "employer" to include "any person engaged in an industry affecting

commerce . . . and any agent of such a person," § 2000e(b), the Fifth Circuit has not interpreted Title VII to impose individual employee liability. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Instead, the Fifth Circuit has concluded that Congress merely intended to incorporate *respondeat superior* liability into Title VII by extending the definition of employer to encompass an agent. *Indest*, 164 F.3d at 262 (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994)). Thus, while a plaintiff may sue his employer for *respondeat superior* liability under Title VII, a Title VII suit cannot be brought against an employee in his individual capacity.

Further, "a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity." *Smith*, 298 F.3d at 449 (citing *Indest*, 164 F.3d at 262). A Title VII suit against an agent or employee is actually a suit against the corporate employer. *Indest*, 164 F.3d at 262. In barring Title VII suits against employees acting in their official capacities, the Fifth Circuit has recognized that an organization may not be held liable twice under Title VII for the same act. *Id.* (citing *Allen v. Tulane Univ.*, 1993 WL 459949 (E.D. La. 1993)). As such, under Title VII a plaintiff may only bring a Title VII action against the corporation alone and not against any of its employees in their individual or official capacities.

It is clear from the existing law that the individual defendants are improper parties under Title VII. *See Indest*, 164 F.3d at 262. In this specific context, the Fifth Circuit has refused to impose Title VII liability on employees acting in individual or official capacities. *Id.* Accordingly, the plaintiff's claims against the individual defendants cannot be sustained based on the current pleadings, and they fail as a matter of law.

### III. CONCLUSION

For the foregoing reasons, the individual defendants' motion to dismiss plaintiff's Title VII discrimination claims pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. Plaintiff's claims against the individual defendants are DISMISSED.

Signed at Houston, Texas on July 24, 2007.

_____
Gray H. Miller
United States District Judge